IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT MARTIN,                          :

        Plaintiff              :       Civil Action 2:10-cv-736

v.                                      :       Judge Holschuh

WARDEN WELCH,                           :       Magistrate Judge Abel

        Defendant              :

**INITIAL SCREENING REPORT AND RECOMMENDATION**

Plaintiff Robert Martin initially filed this action on August 16, 2010. On August 17, 2010, the Court issued a deficiency order, stating that he was required to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. On August 30, 2010, Plaintiff filed such a motion, which is now before the Court. The motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(b) (Doc. 3) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Doc. 1 as a motion.

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. §1915(b)(1). His affidavit reveals that he currently possesses the sum of $10.87 in his jail account, which is insufficient to pay the full filing fee.

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of plaintiff Robert A. Martin's inmate trust account (#A138186) at the institution where he now resides is **DIRECTED** to submit to the Clerk of the United States District Court for the

1

Southern District of Ohio, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff Martin's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full fees of three hundred and fifty dollars ($350) have been paid to the clerk of this court.  28 U.S.C. §1915(b)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, OH 43215

The prisoner's name and this case number must be included on each check.

A prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial filing fee.  28 U.S.C. §1915(b)(4).  If plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed by this Court will be collected from plaintiff's prison account when such funds become available.

It is **ORDERED** that plaintiff be allowed to prosecute this action without

2

prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

It is **FURTHER ORDERED** that the United States Marshal serve by certified mail upon the defendant a summons, a copy of the complaint, and a copy of this Order. Defendant is not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is **DIRECTED** to mail a copy of this Order and the attached instructions, which are hereby incorporated herein, to the plaintiff and the prison cashier's office. The Clerk is **FURTHER DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).

The following allegations are taken from Plaintiff's complaint. He is a prisoner incarcerated at the Toledo Correctional Institution. Under provisions of Ohio Revised Code §5120.56 which were enacted on May 18, 1998, the Ohio Department of Rehabilitation and Correction ("ODRC") can apply assets of an offender in its possession to the costs of housing that offender. The ODRC has, under this provision, established a rule requiring a co-pay of $3.00 for medical

services provided to prisoners. O.A.C. §5120-5-13. Plaintiff argues that (1) the application of §5120.56 to prisoners who were sentenced before May 18, 1998 operates as an unconstitutional *ex post facto* law; (2) collecting co-pays operates as a "taking" of private property under the Fifth Amendment; and (3) as Plaintiff has a protected liberty interest as a prisoner sentenced before May 18, 1998 to the security of his personal funds, the defendant is violating Plaintiff's Fourteenth Amendment right to due process of law.

The Sixth Circuit Court of Appeals, whose rulings this court must follow, explicitly struck down arguments that Ohio's taking of inmate funds for medical co-pays gives rise to a Fifth Amendment protected property interest claim, a Fourteenth Amendment due process challenge, or a challenge on *ex post facto* grounds in *Bailey v. Carter*, 15 Fed. Appx. 245 (2001). *See also Gallagher v. Lane*, 75 Fed.Appx. 440, 441 (2003). Other courts have rejected similar arguments. *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 180 (3rd Cir. 1997); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981). Plaintiff's arguments on these grounds therefore must fail as a matter of law.

Plaintiff also presents another argument, stated as a question to the Court:

> #2. Is the Supremacy Clause Art. I Section 6 cl. 1 passage there are no retroactive laws violated and against public policy and trust for profiting Martin's fiduciary to his advantage counter to his fidelity and trust as an agent of his principal DRC?

(Doc. 1-1 at 2.) This argument is somewhat difficult to understand; Art. I, Section 6 of the United States Constitution deals with the compensation and immunity from

arrest of membesr of Congress, and the Supremacy Clause (Art. VI, cl. 3) provides not that retroactive laws are barred (that is the function of the Ex Post Facto Clause at Art I, Section 9, cl. 3) but that federal laws prevail wherever they conflict with state laws.  Plaintiff seems to, on this point, argue either that O.R.C. §5120.56 cannot abrogate his rights under the United States Constitution, or that the warden of his institution should be held personally liable for permitting the ODRC to obtain Plaintiff's funds in an unconstitutional manner.  As stated above, however, the actions of the ODRC in collecting a co-pay for inmate medical care are not unconstitutional.

Because Plaintiff's claims would be barred as a matter of law, upon initial screening pursuant to 28 U.S.C. §1915(e)(2) I **RECOMMEND** that his complaint be **DISMISSED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); Miller

v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

<u>s/Mark R. Abel</u>
United States Magistrate Judge

# INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

_____

The prisoner shown as the plaintiff on the attached order has filed a civil action in forma pauperis in this court and owes the court a filing fee. Pursuant to 28 U.S.C. §1915(b)(1) and (2), the fee is to be paid as follows:

> The initial partial fee listed on the attached order should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.

> Following the payment of the initial partial fee and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis status and these instructions. **The prisoner's name and case number must be noted on each remittance.**

Checks are to be made payable to:

> **Clerk, U.S. District Court**

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **260 U.S. Courthouse**
> **85 Marconi Blvd.**
> **Columbus, OH  43215**