IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Martin,                              :

        Plaintiff            :    Civil Action 2:10-cv-736

v.                                          :    Judge Graham

Warden Welch,                               :    Magistrate Judge Abel

        Defendant            :

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On September 20, 2010, the Magistrate Judge issued an initial screening report and recommendation, pursuant to 28 U.S.C. §1915(e)(2), of the complaint in this case, to identify cognizable claims, and to dismiss the complaint, or any part of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1] The Magistrate Judge summarized Plaintiff's claims thus:

> The following allegations are taken from Plaintiff's complaint. He is a prisoner incarcerated at the Toledo Correctional Institution. Under

---

[1] Plaintiff states that he does not consent to the jurisdiction of the Magistrate Judge. This court has assigned the Magistrate Judge the duty of preparing proposed findings of fact and recommendations for the disposition, by a judge of the court, prisoner petitions challenging conditions of confinement. *See* 28 U.S.C. §636(b)(1)(B). Requesting that the Magistrate Judge prepare such recommendations for the assistance of the Court does not mean that the Magistrate Judge determines the outcome of a case.

provisions of Ohio Revised Code §5120.56 which were enacted on May 18, 1998, the Ohio Department of Rehabilitation and Correction ("ODRC") can apply assets of an offender in its possession to the costs of housing that offender. The ODRC has, under this provision, established a rule requiring a co-pay of $3.00 for medical services provided to prisoners.  O.A.C. §5120-5-13.  Plaintiff argues that (1) the application of §5120.56 to prisoners who were sentenced before May 18, 1998 operates as an unconstitutional *ex post facto* law; (2) collecting co-pays operates as a "taking" of private property under the Fifth Amendment; and (3) as Plaintiff has a protected liberty interest as a prisoner sentenced before May 18, 1998 to the security of his personal funds, the defendant is violating Plaintiff's Fourteenth Amendment right to due process of law.

(Doc. 4 at 3-4.)

Plaintiff argues in the first place that the Magistrate Judge incorrectly (or, as he states, "fraudulently") mischaracterized his claim as an "ex post facto" law instead of as a "retroactive application of law".  However, the two terms, for this purpose, mean the same thing.  He also repeats the same arguments he raises in his complaint that O.R.C. §5120.56, which imposes medical co-pay fees upon prisoners, has an unconstitutional retroactive effect and amounts to an unconstitutional taking of property.  However, as the Magistrate Judge correctly stated:

> The Sixth Circuit Court of Appeals, whose rulings this court must follow, explicitly struck down arguments that Ohio's taking of inmate funds for medical co-pays gives rise to a Fifth Amendment protected property interest claim, a Fourteenth Amendment due process challenge, or a challenge on *ex post facto* grounds in *Bailey v. Carter*, 15 Fed. Appx. 245 (2001). *See also Gallagher v. Lane*, 75 Fed.Appx. 440, 441 (2003).  Other courts have rejected similar arguments. *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 180 (3rd Cir. 1997); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981).  Plaintiff's arguments on these grounds therefore must fail as a matter of law.

(*Id.* at 4.)  This Court is bound by the decisions of the Sixth Circuit, which clearly

2

hold that Plaintiff's claims should be denied as a matter of law.  Accordingly, the Initial Screening Report and Recommendation of the Magistrate Judge (Doc. 4) is **ADOPTED**.  This action is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915A(b)(1).

It is so ORDERED.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge


DATE: December 30, 2010

3